**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOHN BALL,<br><br>    Plaintiff,<br><br>          v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,<br>    Defendant. | Civil Action No.<br>1:20-cv-00012-SDG |

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Linda T. Walker's Report and Recommendation (R&R) [ECF 57] recommending that Defendant's motion for summary judgment [ECF 42] be granted and that the case be dismissed with prejudice. Plaintiff has filed an objection to the R&R [ECF 59], to which Defendant has responded [ECF 60]. After careful consideration of Plaintiff's objection and Defendant's response, the Court **ADOPTS IN PART** and **DECLINES IN PART** the R&R, but nonetheless **GRANTS** Defendant's motion for summary judgment.

**I.    BACKGROUND**

The relevant undisputed facts are set forth in detail in the R&R.[1] To summarize, Plaintiff John Ball was terminated as the football video coordinator

---

[1] ECF 57, at 2–12.

(FVC) for Georgia Southern University (GSU) in March 2019.[2] Ball's supervisors claimed that he was terminated for falsifying his timesheets.[3] Ball had returned from medical leave two months earlier after undergoing surgery to have his foot amputated,[4] and Ball requested and received accommodations for his disability in February 2019.[5]

Ball filed his Complaint against the Board of Regents of the University System of Georgia (the Board) on January 2, 2020,[6] and amended his Complaint on March 20, 2020,[7] alleging that the Board discriminated and retaliated against him in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* The Board moved for summary judgment against Ball on all claims.[8] On May 27, 2021, Judge Walker issued the R&R, recommending that the Board's motion be granted and that the case be dismissed.[9] Ball timely objected.[10]

---

2   *Id.* at 2.
3   *Id.* at 11.
4   *Id.* at 2.
5   *Id.* at 5–7.
6   ECF 1.
7   ECF 4.
8   ECF 42.
9   ECF 57.
10  ECF 59.

## II.     LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

### III. DISCUSSION

In the R&R, Judge Walker concluded that Ball failed to make a *prima facie* case for either disability discrimination or retaliation and, even if he had, the Board had a legitimate, non-discriminatory reason for terminating him. Specifically, as to Ball's discrimination claim, Judge Walker found that Ball did not cite any evidence adequate to create an inference that he was terminated based on his disability.[11] As for the retaliation claim, Judge Walker found that Ball could not establish a causal connection between the protected activity—his request for accommodation—and his termination, because the fact that he falsified timesheets was an intervening event.[12] Judge Walker also found that, even had Ball made a *prima facie* case for discrimination or retaliation, the Board offered a legitimate, non-discriminatory reason for his termination and Ball failed to show that the reason was pretextual.[13]

Ball objects on three grounds. First, Ball argues that Judge Walker erred in finding that he failed to present a "convincing mosaic" of circumstantial evidence

---

[11]   ECF 57, at 19.

[12]   *Id.* at 25–26.

[13]   *Id.* at 28–30.

raising a reasonable inference of discrimination.[14] Second, Ball argues that Judge Walker improperly considered the Board's reason for termination in deciding whether Ball made a *prima facie* case for retaliation.[15] Finally, Ball argues that Judge Walker wrongfully found that there was no dispute of material fact as to whether the purported reasons for Ball's termination were pretextual.[16]

### A.   Reasonable Inference of Discrimination

Ball contends that the record evidence is sufficient for a trier of fact to draw a reasonable inference of discrimination, establishing his *prima facie* case of discrimination. "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases," *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000), and, therefore, the Court applies the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, if Ball establishes a *prima facie* case of discrimination, the burden shifts to the Board to articulate a legitimate, non-discriminatory reason for his termination, and if it does, the burden shifts back to Ball to show the legitimate reason was a pretext for discrimination. *Id.* at 802–05. To establish a *prima facie* case of discrimination, Ball

---

14   ECF 59, at 2–4.

15   *Id.* at 4–6.

16   *Id.* at 6–8.

must show that (1) he has a disability, (2) he was otherwise qualified for the position, and (3) he was subjected to unlawful discrimination as a result of his disability. *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1310 (11th Cir. 2007).

The dispute here is whether Ball has shown he was subject to unlawful discrimination as a result of his disability. Ball argues that the record, "viewed in the light most favorable to [him], presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (internal citation and punctuation omitted). The Court agrees.

The R&R relied primarily on Ball's failure to identify a similarly situated employee who was treated differently.[17] Eleventh Circuit precedent is clear, however, that "the *McDonnell Douglas* framework is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion" and so "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case." *Id.* A plaintiff can also support an inference of discrimination

---

17   ECF 57, at 19–20.

through a mosaic of circumstantial evidence that creates a triable issue concerning discriminatory intent. *Id.*

The circumstantial evidence presented by Ball shows that Chad Lunsford, GSU's head football coach, failed to either recognize or appreciate Ball's physical limitations on multiple occasions;[18] Sean Fitzgerald, Ball's supervisor, kept a record of all the times Ball was unable to do something at work due to his disability;[19] and discussions about Ball's disability and his accommodations overlapped with discussions about his falsified timesheets.[20] It would be reasonable for a jury to infer that, at the very least, the investigation into Ball's absences began as an investigation into the limitations presented by his disability. This record is sufficient for a jury to infer intentional discrimination. *Compare id.* at 1345–46 (disciplinary "matrix" that tracked an employee's race strengthened reasonable inference of discriminatory intent) *and Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1256 (11th Cir. 2012) (employer's comment about plaintiff's limitations due to pregnancy and her termination after employer learned of medical restriction evidenced discriminatory intent) *with Herron-Williams v. Ala.*

---

[18] *Id.* at 4, 6.

[19] *Id.* at 7.

[20] *Id.* at 10.

*State Univ.*, 805 F. App'x 622, 630 (11th Cir. 2020) (lack of any indication that unfair treatment was based on race or gender precluded a reasonable inference) *and Dukes v. Shelby Cnty. Bd. of Educ.*, 762 F. App'x 1007, 1013 (11th Cir. 2019) (fact that no African Americans were employed by department and comment regarding lack of good resumes from African Americans were insufficient to raise reasonable inference). The Court declines to adopt the R&R on this issue.

### B. Causal Connection Between Protected Act and Ball's Termination

Ball's second objection is that Judge Walker inappropriately considered the purported reason for his termination in determining whether a causal connection exists between his request for accommodation and that termination.[21] The Court disagrees. Without this causal connection, Ball cannot establish a *prima facie* case for retaliation.

When a plaintiff relies on circumstantial evidence for a retaliation claim, it must first establish a *prima facie* case by showing "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) [] a causal link between the protected activity and the adverse action." *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010) (quoting *Bryant v. Jones*, 575 F.3d 1281,

---

21   ECF 59, at 4–6.

1307 (11th Cir. 2009)). Once a plaintiff makes his *prima facie* case, the employer must come forward with a legitimate, non-discriminatory reason for the act, and then the burden shifts back to the plaintiff to show the proffered reason was pretext for discrimination. *Id.* at 1181–82.

The basis for Ball's objection is that, under the *McDonnell Douglas* framework, employee misconduct should be considered in determining whether the employer had a legitimate, non-discriminatory reason for the adverse action, not when determining whether the plaintiff makes a *prima facie* case for discrimination. But the *McDonnell Douglas* burden shifting framework does not mandate that each burden be considered in isolation. For example, facts supporting a plaintiff's *prima facie* case can, and should, be considered in determining whether the employer's proffered legitimate reason for termination was pretextual. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997). The facts supporting a non-discriminatory reason for termination can also be considered in determining causation.

Judge Walker found that Ball could not make his *prima facie* case for retaliation because, though the period between the protected activity and the adverse action was short, Ball's admitted violation of GSU policy was an

intervening cause.[22] Judge Walker accurately applied Eleventh Circuit precedent. A close temporal proximity between a protected activity and an adverse action is sufficient to establish causation. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999). An intervening act, such as employee misconduct, however, can break this causal chain. *Henderson v. FedEx Express*, 442 F. App'x 502, 507 (11th Cir. 2011) (employee's falsification of timecards was intervening act that broke causal connection "that may have arisen out of the temporal proximity"); *Hankins v. AirTran Airways*, Inc., 237 F. App'x 513, 521 (11th Cir. 2007) (employee's "flagrant act of misconduct" broke any causal connection between the protected activity and termination). *See also Fleming v. Boeing Co.*, 120 F.3d 242, 248 (11th Cir. 1997) (employee failing typing test required for job broke causal connection). Ball's admitted misconduct was an intervening act, breaking the causal chain between his request for accommodation and his termination. The Court overrules Ball's objection and adopts the R&R on this issue.

### C. Actual Reason for Ball's Termination

Finally, Ball objects to the R&R on the ground that Judge Walker incorrectly determined that no question of material fact remained as to whether the Board had

---

[22] ECF 57, at 24–28.

a legitimate, non-discriminatory reason for terminating Ball that was not pretext for discrimination.[23] Ball argues that a jury could find that the testimony of Denise Gebara, Director of Employee Relations, that it was standard for employees to be terminated for falsifying timesheets, was not credible because of inconsistencies.[24] This would support Ball's position that the purported reason for his termination was pretextual.[25] Ball also contends that a jury could consider the temporal proximity between his request for accommodation and his termination in determining pretext.[26] The Court agrees with Judge Walker's findings.

"If a plaintiff establishes a *prima facie* case of discrimination, the employer bears an 'exceedingly light' burden of articulating a legitimate, non-discriminatory reason for the employee's termination." *Duckworth v. Pilgrim's Pride Corp.*, 764 F App'x 850, 853 (11th Cir. 2019) (*Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983)). "The employer . . . only needs to 'produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus.'" *Id.*

---

[23]   ECF 59, at 7–8.

[24]   *Id.*

[25]   *Id.*

[26]   *Id.* at 8.

(11th Cir. 2019) (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 257 (1981)). There is no dispute that the Board satisfied its burden by showing that Ball was terminated because he falsified timesheets, and the Court finds the Board's reason sufficient. *Id.* (evidence that plaintiff was frequently absent and that supervisors complained carried employer's burden).

"To establish pretext, [Ball] must show that (1) the reason offered was false and (2) that discrimination was the real reason for the employer's actions." *Id.* at 853–54. A plaintiff can show falsity through "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (quoting *Combs*, 106 F.3d at 1538). Here, a reasonable jury could not find that the reason the Board offered for Ball's termination was false. Ball admitted to falsifying his timesheets, and it is undisputed that falsifying timesheets violates GSU policy and is a terminable offense.[27] Any inconsistencies in one witness's testimony do not overcome these undisputed facts.

Ball, therefore, has not carried his burden to show that his misconduct was pretext for discrimination. Absent Ball's misconduct, his claims may have

---

27  ECF 57, at 30–31.

survived summary judgment, but he admits that he falsified his timesheets on multiple occasions, and this was a valid reason to terminate his employment. However unfair Ball may view his termination, "[a]n employer may terminate an employee for 'a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.'" *Herron-Williams*, 805 F. App'x at 631 (quoting *Flowers v. Troup Cnty., Ga., Sch. Dist.*, 803 F.3d 1327, 1338 (11th Cir. 2015)).

## IV. CONCLUSION

The Court **ADOPTS IN PART** and **DECLINES IN PART** Judge Walker's R&R [ECF 57] and **GRANTS** the Board's motion for summary judgment [ECF 42]. Ball's claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this the 20th day of September 2021.

Steven D. Grimberg
United States District Court Judge